### LAMAR, RANKIN & LAMAR *vs.* RUSSELL.

Russell, while a clerk for Lamar, Rankin & Lamar, was the proprietor of a certain prescription. A member of the firm requested him to continue the manufacture of this preparation for the purpose of

sale by the firm, and agreed to pay him a reasonable royalty on all sales of it made by them. Russell brought this suit to recover from the firm such royalty on a considerable quantity so sold. His testimony was taken by commission, and he was asked in certain interrogatories propounded by defendants, to reply what were the component parts and the proportions of the same used in the preparation; in other words, to disclose the whole secret of it. He did testify as to what it would cost, and what the bottles in which it was put up would cost, showed by other witnesses what would be a reasonable royalty, and recovered that much.

*Held*, that it was not error to exclude Russell's answer to the interrogatory, on the ground that he did not fully answer the same, as defendants ought to have made the inquiry, if they desired the information, before they agreed to pay the royalty.

*Held* further, that the verdict was a proper one.

May 28, 1888.

Contracts. Evidence. Interrogatories. Before Judge HARRIS. City court of Macon. September term, 1887.

Reported in the decision.

GUERRY & HALL, for plaintiffs in error.

JOHN P. ROSS and ROSS & BLOUNT, *contra.*

BLANDFORD, Justice.

It appears that Russell was a clerk in the employment of Lamar, Rankin & Lamar, a firm engaged in the drug business, and that he was the proprietor of a private prescription of his own, known and sold as "Axle-Grease." A member of the firm requested him to continue the manufacture of this preparation, for the purpose of sale by the firm, and agreed to pay Russell a royalty on all sales made by them. A considerable quantity was put up by Russell accordingly. This suit was brought to recover a sum claimed by Russell to be due him as royalty.

The testimony of Russell was taken by commission, and

he was asked, in certain interrogatories propounded by the defendants, to reply what were the component parts of this preparation, and the proportions of the different parts used therein; in other words, to disclose the whole secret of his preparation. He did testify, in reply to the interrogatories, as to what the preparation would cost, and what the bottles in which it was put up would cost. It was shown by other witnesses that one-half of the profits made on the preparation would be a reasonable royalty; and he recovered that much. The defendants insisted that, inasmuch as he had not answered fully the question above referred to, as to the parts and proportions used in the manufacture of the preparation, his answer to the interrogatory ought to be ruled out. The court overruled this objection, and admitted the testimony. We think the court was right in so doing. If the defendants wanted to know the secret of his preparation, they ought to have made the inquiry before they agreed to pay him the royalty. Having entered into the agreement with Russell to pay him the royalty, without having obtained this information beforehand, they cannot now avail themselves of it as they seek to do in this case; and they are bound by their agreement. We think the judgment of the court below refusing a new trial was right; and it is affirmed.